# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEILA BLACKMAN, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV1910 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
| Defendant. | : |

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether

the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The plaintiff contends that the Administrative Law Judge ("ALJ"): "1) failed to properly consider Ms. Blackman's Borderline Personality Disorder under the Listing of impairments and to make specific findings on this issue; 2) failed to make proper weight assignments as to the opinions of Ms. Blackman's treating sources; and 3) failed to properly determine Ms. Blackman's Residual Functional Capacity ("RFC"). Pl.'s Mot. to Reverse ("ECF No. 15-1") at 2.

The defendant argues that the ALJ applied the correct legal standards and that substantial evidence supported the ALJ's Decision. See Def.'s Mot. to Affirm (ECF No. 16-1) at 20.

The court concludes that, at minimum, the ALJ failed to properly apply the treating physician rule to treating psychiatrist Sudha Sreenivasan's opinion that the plaintiff was unable to work in any capacity due to her mental status. This, standing alone, warrants remand.

The ALJ must evaluate "[e]very medical opinion". 20 C.F.R. § 404.1527(c). "Medical opinions" are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, prognosis, and restrictions. 20 C.F.R. § 404.1527(a)(1). Medical opinions from acceptable medical

2

sources are entitled to "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record". Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2))(internal quotation marks omitted).

"[I]f controlling weight is not given to the opinions of the treating physician, the ALJ . . . must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). These reasons must be stated explicitly and set forth comprehensively. See Burgin v. Asture, 348 F. App'x 646, 649 (2d Cir 2009) ("The ALJ's consideration must be explicit in the record."); Tavarez v. Barnhart, 124 F. App'x 48, 49 (2d Cir. 2005) ("We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned . . . .") (internal quotation marks and citation omitted); Reyes v. Barnhart, 226 F. Supp. 2d 523, 529 (E.D.N.Y. 2002)("rigorous and detailed" analysis required).

3

In determining the amount of weight to give to a medical opinion, the ALJ must consider all of the factors set forth in § 404.1527(c): the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. See Schaal, 134 F.3d at 504 ("all of the factors cited in the regulations" must be considered to avoid legal error).

If the opinions are from medical sources other than "acceptable medical sources", the ALJ must still consider the opinions, apply the factors, and explain the weight given.[1] See 20 C.F.R. § 404.1527(f).[2] Regardless of whether the opinion is from an acceptable medical source or an "other source", the ALJ's explanation should be supported by the evidence and be

---

[1] The plaintiff argues that the ALJ should have considered treating therapist Anne Ambrosio's other source opinions. However, the court need not reach this issue because Ex. 18F p. 88/R. at 1023 is cosigned by Sudha Sreenivasan, M.D., and an opinion that is cosigned by a supervising acceptable medical source is entitled to controlling weight when there is no evidence that the cosigner had a different opinion than the other source, as is the case here. See Griffin v. Colvin, No. 3:15CV105 (JGM), 2016 WL 912164, at *14 (D. Conn. Mar. 7, 2016) (recognizing that an opinion that is cosigned by a supervising acceptable medical source is entitled to controlling weight when there is no evidence that the cosigner had a different opinion).

[2] Pursuant to SSR 06-03p, when the ALJ considers 404.1527(c)(6) "other factors", the ALJ must consider "other sources" opinions. According to SSR 06-03p, the regulations do not explicitly address how to consider "other sources" opinions. However, SSR 06-03p provides that the 404.1527(c) factors can be applied and that the ALJ generally should explain the weight given to ensure a reviewer can follow the reasoning. Federal Register Notice Vol. 82, No. 57, page 15263 rescinded SSR 06-03p effective March 27, 2017. Thus, SSR 06-03p applies to the ALJ's decision, which is dated November 24, 2015.

4

specific enough to make clear to the claimant and any subsequent reviewers the reasons and the weight given. See 20 C.F.R. § 404.1527(f)(2); SSR 96-2p (applicable but rescinded effective March 27, 2017, after the date of the ALJ's decision).

> [W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . . ].") (citations omitted).

Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). See also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998) (holding that the ALJ should have sought clarifying information sua sponte because the doctor might have been able to provide a supporting medical explanation and clinical findings, that failure to include support did not mean that support did not exist, and that the doctor might have included it had he known that the ALJ would consider it dispositive).

This duty to develop the record "is heightened in cases where the claimant is mentally impaired", as is the case here. Shand v. Colvin, No. 3:15 CV 761 (JGM), 2018 WL 389179, at *14 (citing Robinson v. Colvin, No. 14 CV 1227 (HBF), 2016 WL 7668439, at *6 (D. Conn. Dec. 20, 2016) (citing Dervin v. Astrue, 407 Fed.Appx. 154, 156 (9th Cir. 2010), Magistrate Judge's Recommended Ruling approved and adopted absent

5

objection, No. 3:14 CV 1227 (MPS), 2017 WL 80403 (D. Conn. Jan. 9, 2017))).

> Gaps in the administrative record warrant remand . . . . Sobolewski v. Apfel, 985 F. Supp. 300, 314 (E.D.N.Y.1997); see Echevarria v. Secretary of Health & Hum. Servs., 685 F.2d 751, 755-56 (2d Cir. 1982). . . .
>
> The ALJ must request additional information from a treating physician . . . when a medical report contains a conflict or ambiguity that must be resolved, the report is missing necessary information, or the report does not seem to be based on medically acceptable clinical and diagnostic techniques. Id. § 404.1512(e)(1). When "an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly," Hartnett, 21 F. Supp. 2d at 221, by making every reasonable effort to re-contact the treating source for clarification of the reasoning of the opinion. Taylor v. Astrue, No. 07-CV-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009)(emphasis added)(holding that the ALJ who rejected the treating physician's opinion because it was broad, "contrary to objective medical evidence and treatment notes as a whole", and inconsistent with the state agency examiner's findings had an affirmative duty to re-contact the treating physician to obtain clarification of his opinion that plaintiff was "totally incapacitated").

In determining whether there has been "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94

6

F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Here, the ALJ mentioned that "[t]he claimant had an initial psychiatric consultation with Sudha Sreenivasan, M.D. in March 2015 after presenting to the emergency room due to increased stress", that "the claimant followed up in April with a psychotherapy visit with Anne Ambrosia, LCSW and medication management with Dr. Sreenivasan", and that "[b]y the claimant's May 15, 2015 visit, Dr. Sreenivasan noted that the claimant's GAF[3] had improved . . ." R. at 28. However, the ALJ failed to recognize that the July 2015 letter was written by both Dr. Sreenivasan and Anne Ambrosia, L.C.S.W., the treating therapist she recommended. That letter stated "**we** believe" Ms. Blackman "is unable to work, in any capacity, at this time." Ex. 18F at 88/R. 1023 (emphasis added). Moreover, the Behavioral Health Treatment Plan dated August 13, 2015 lists the "Treating Providers" as "Ambrosia, LCSW" and "Sreenivasan, MD". R. at

---

[3] On remand, the ALJ should be mindful of the fact that the Commissioner has not fully endorsed the GAF scale. See Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50764-65 (Aug. 21, 2000) (codified at 20 C.F.R. pt. 404) (noting that the GAF score "does not have a direct correlation to the severity requirements in our mental disorders listings"). Neither has the American Psychiatric Association. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) (noting that the DSM-5 "dropped" the GAF scale "for several reasons, including its conceptual lack of clarity . . . and questionable psychometrics in routine practice.").

1024 – 5. Thus, the record includes the opinion of the claimant's treating psychiatrist, and the ALJ was charged with evaluating the impact of the claimant's mental status on her ability to work. In this context, Dr. Sreenivasan's opinion is entitled to controlling weight and must be evaluated under the treating physician rule.

But the ALJ failed to give any weight to Dr. Sreenivasan's opinion that the claimant could not work in any capacity due to her mental status. The ALJ should have recognized Dr. Sreenivasan as a treating physician and either given her opinion controlling weight or applied the § 404.1527(c) factors, developed the record, filled in any gaps, resolved any conflicts, ambiguities or inconsistencies and then specifically explained the weight actually given to the opinion to make clear to the claimant and any subsequent reviewers the reasons and the weight given.

This failure is significant because if asked, Dr. Sreenivasan might have been able to provide a supporting medical explanation and clinical findings for the opinion that the claimant could not work, changing the residual functional capacity and perhaps the disability determination.

On remand the ALJ should fully develop the record, evaluate Dr. Sreenivasan's opinion, and evaluate all other medical and treating source opinions. Also, the ALJ should address the

parties' other arguments, including but not limited to seeking a medical opinion from a psychiatrist or qualified psychologist[4] about the limitations that result from a diagnosis of Borderline Personality Disorder and re-evaluating the RFC.

For the reasons set forth above, Plaintiff's Motion for Order Reversing the Decision of the Commissioner or in the Alternative Motion for Remand for a Hearing (ECF No. 15) is hereby GRANTED as to remand, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 16) is hereby DENIED.  This case is hereby REMANDED to the Commissioner for proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

---

[4] "Social Security regulations state that a 'psychological consultant used in cases where there is evidence of a mental impairment must be a qualified psychologist.'" Schleif v. Barnhart, 31 Fed. Appx. 314, 321 (7th Cir. 2002) (citing 20 C.F.R. § 404.1526(c)).

Dated this 17th day of December 2018, at Hartford, Connecticut.

                                            /s/AWT
                                     Alvin W. Thompson
                           United States District Judge